UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-22500-CIV-ALTONAGA/TORRES

JONATHAN LORD, M.D.,

    **Plaintiff,**

v.

UNIVERSITY OF MIAMI,

    **Defendant.**

    _____/

### DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RULING ON DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

Defendant, University of Miami (the "University"), by and through undersigned counsel, hereby moves for a temporary stay of discovery pending the Court's ruling on Defendant's Motion to Dismiss Third Amended Complaint with Prejudice (D.E. 114). Pursuant to the Court's inherent authority and the Eleventh Circuit's directive in *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), the Court may stay discovery pending the Court's potentially case-dispositive ruling on Defendant's Motion to Dismiss. Under the circumstances, a stay would promote judicial economy and prevent wasting the resources of the Court and the parties. Accordingly, the University respectfully requests that the Court enter a temporary stay of discovery.

### INTRODUCTION

In what remains of this lawsuit, Plaintiff, Jonathan Lord, M.D., contends that his employment was terminated by the University in violation of the anti-retaliation provision of the False Claims Act ("FCA"), 31 U.S.C. § 3730(h). (D.E. 101.) Plaintiff commenced this lawsuit on July 12, 2013. (D.E. 1.) Over the following eight years, Plaintiff amended his Complaint three

times. (D.E. 1; D.E. 15; D.E. 48-2; D.E. 101.)[1] Plaintiff filed the operative Third Amended Complaint on August 12, 2021. (D.E. 101.)

On September 27, 2021, the University timely moved to dismiss the Third Amended Complaint for failure to state a claim. (D.E. 114.) Plaintiff timely responded in opposition (D.E. 115), and the University timely replied. (D.E. 116). The motion has been fully-briefed since October 19, 2021, and remains pending.

Meanwhile, on September 3, 2021, the Court entered a Scheduling Order. (D.E. 111.) In pertinent part, the Court set October 15, 2021, as the pleading-amendment deadline and May 16, 2022, as the discovery deadline. (*Id*. at 1.) On September 15, 2021 (after entry of the Court's Scheduling Order but prior to the filing of the University's Motion to Dismiss), the parties timely exchanged Fed. R. Civ. P. 26(a) Initial Disclosures. On October 4, 2021 (one week after the University filed its Motion to Dismiss), Plaintiff propounded his First Request for Production, which contains thirty-four requests (many of which contain multiple sub-parts) for documents and electronically-stored information.

## ARGUMENT

The University respectfully submits that, until the Court resolves the University's Motion to Dismiss Third Amended Complaint with Prejudice and unless/until Plaintiff has stated a legally-cognizable claim, all discovery should be stayed. Otherwise, the parties will be required to spend significant time and expense on discovery, all of which will be wasted if the Court ultimately grants the Motion to Dismiss and finds that Plaintiff has not stated a plausible claim against the University.

---

[1] Each pleading contained new allegations that specifically were incorporated into his retaliation claim. (*Compare* D.E. 1 ¶ 149, D.E. 15 ¶ 159, D.E. 48-2 ¶ 181 and D.E. 101 ¶ 110.)

It is well-established that a district court has the "inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Eq. Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)); *see also Lisa, S.A. v. Mayorga*, 232 F. Supp. 2d 1325, 1326 (S.D. Fla. 2002) (noting that a district court has the power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants") (quoting *Landis v. North Am. Co.*, 299 U.S. 248 (1936)), *aff'd sub nom. Lisa, S.A. v. Dionisio Gutierrez Mayorga*, 90 Fed. Appx. 381 (11th Cir. 2003).

To that end, the United States Supreme Court has recognized that a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Further, as noted above, the Eleventh Circuit has made clear that a stay of discovery is appropriate when a motion to dismiss is pending:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (internal footnote omitted) (citing *Mitchell v. Duval Cty. Sch. Bd.*, 107 F.3d 837, 838 n.1 (11th Cir. 1997)).

The Eleventh Circuit has reaffirmed *Chudasama's* holding multiple times. *See, e.g.*, *Arora v. Paige*, 855 Fed. Appx. 667, 670 (11th Cir. 2021) ("[D]iscovery 'follow[s] the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.'") (quoting *Chudasama*, 123 F.3d at 1367, in turn quoting *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981)); *In re Smith*, 849 Fed. Appx. 867, 872 (11th Cir. 2021) ("We have cautioned lower courts to resolve facial challenges to the legal sufficiency of a claim -- like

Murphy's motion for judgment on the pleadings in this case -- before permitting discovery.") (citing *Chudasama*, 123 F.3d at 1367-68); *Little v. CSRA, Inc.*, 834 Fed. Appx. 495, 500 (11th Cir. 2020) (the plaintiff "was not entitled to discovery at the motion to dismiss stage") (citing *Chudasama*, 123 F.3d at 1367).

Relying on *Chudasama*, this Court has recognized that discovery should not proceed until resolution of motions to dismiss for failure to state a claim:

> But "[t]he Eleventh Circuit has repeatedly instructed that '[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim . . . should . . . be resolved before discovery begins.'" *Belik*, 2011 WL 2221224, at *10 (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)); *see also Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.") (citing *Greene v. Emersons Ltd.,* 86 F.R.D. 66, 73 (S.D.N.Y. 1980)).

*Sovereign Bonds Exch. LLC v. Fed. Republic of Germany*, No. 10-21944-CIV, 2011 WL 13100214, at *1 (S.D. Fla. Aug. 9, 2011) (Altonaga, J) (alterations in original).[2] *See also Seaway Two Corp. v. Deutsche Lufthansa Aktiengesellschaft*, No. 06-20993-CIV, 2006 WL 8433652, at *1 (S.D. Fla. Nov. 17, 2006) (Altonaga, J.) (granting stay of discovery and noting that, "[w]here a pending motion may dispose of the entire case, granting a stay of discovery not necessary to the resolution of the motion may be justified"); *Mensah v. Mnuchin*, No. 20-22876-CIV, 2020 WL 6701926, at *15 (S.D. Fla. Nov. 13, 2020) (Altonaga, J.) ("Certainly '[d]iscovery should follow the filing of a well-pleaded complaint[,]' but '[i]t is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.'") (alterations in original) (citations omitted).

---

[2] The Court's decision later was affirmed by the Eleventh Circuit: "In the light of our precedents, the district court acted well within its discretion to deny the request of Sovereign Bonds for discovery" while a motion to dismiss remained pending. *World Holdings, LLC v. Fed. Republic of Germany*, 701 F.3d 641, 655 (11th Cir. 2012).

Other Courts in this District similarly follow *Chudasama*'s instruction. *See, e.g.*, *Padilla v. Porsche Cars N. Am., Inc.*, No. 18-24988-CIV, 2019 WL 1281484, at *1 (S.D. Fla. Mar. 19, 2019) (Moreno, J.) (collecting cases); *Staup v. Wachovia Bank, N.A.*, No. 08-60359CUV, 2008 WL 1771818, at *1 (S.D. Fla. Apr. 16, 2008) (Cohn, J.) (staying all discovery pending disposition of the defendant's motion to dismiss); *Carcamo v. Miami-Dade Cty.*, No. 03-20870-CIV, 2003 WL 24336368, at *1 (S.D. Fla. Aug. 1, 2003) (Ungaro, J.) (staying discovery pending ruling on defendant's motion to dismiss). *See also Rich v. City of Jacksonville*, No. 309-CV-454-J-34MCR, 2010 WL 1141556, at *1 (M.D. Fla. Mar. 23, 2010) (granting motion to stay where, as here, "resolution [of] the pending motion to dismiss may extinguish some or all of the claims . . . potentially restricting the scope of discovery significantly") (collecting cases).

The University respectfully submits that the same result is appropriate here. The University's arguments in its Motion to Dismiss arise from the face of the Third Amended Complaint without the need for discovery. Discovery should not proceed unless and until the Court determines that Plaintiff has stated a plausible claim in accordance with applicable law.[3] Otherwise, the University (as well as Plaintiff himself) will be unnecessarily burdened. Accordingly, the University respectfully requests entry of a temporary stay of discovery.

---

[3] Given the timing of Plaintiff's efforts to proceed with discovery, it appears that Plaintiff hopes to use the discovery process to augment his deficient pleading. That argument, however, is contrary to well-established law. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("only a complaint that states a plausible claim for relief" can "unlock the doors of discovery"); *Jackson v. BellSouth Telecomms., Inc.*, No. 00-7558-CIV, 2002 WL 34382751, at *6 (S.D. Fla. June 4, 2002) (rejecting the "practice of filing a complaint leveling serious accusations . . . against a party, only thereafter to utilize discovery in a fishing-expedition manner, in the hopes of uncovering some evidence that could support such pejorative allegations"), *aff'd*, 372 F.3d 1250 (11th Cir. 2004). In any event, the deficiencies in the Third Amended Complaint are legal, not factual, in nature. Therefore, no discovery could/would cure those deficiencies.

WHEREFORE, the University respectfully requests that the Court (1) stay all discovery pending the Court's ruling on Defendant's Motion to Dismiss Third Amended Complaint with Prejudice (D.E. 114); and (2) grant such further relief as the Court deems just and appropriate under the circumstances.

**CERTIFICATE OF CONFERENCE**

Pursuant to S.D. Fla. L.R. 7.1(a)(3), I hereby certify that, on October 22, 2021, I conferred with Plaintiff's counsel by e-mail in a good-faith effort to resolve the matters raised by this motion. Plaintiff opposes the relief requested in this motion.

By: /s/ Christopher M. Yannuzzi
Christopher M. Yannuzzi

Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Christopher M. Yannuzzi
Eric D. Isicoff
Florida Bar No. 372201
Isicoff@irlaw.com
Teresa Ragatz
Florida Bar No. 545170
Ragatz@irlaw.com
Christopher M. Yannuzzi
Florida Bar No. 92166
Yannuzzi@irlaw.com

## **CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via CM/ECF this 22nd day of October, 2021, upon the following:

Jeffrey H. Sloman
Erica Perdomo
Stumphauzer Foslid Sloman Ross & Kolaya, PLLC
Two South Biscayne Boulevard, Suite 1600
Miami, Florida 33131
Telephone: (305) 614-1400
Facsimile: (305) 614-1425
E-mail: jsloman@sfslaw.com
E-mail: eperdomo@sfslaw.com

          By: /s/ Christopher M. Yannuzzi
            Christopher M. Yannuzzi