**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 13-22500-Civ-Altonaga/McAliley

JONATHAN LORD, M.D.,

      Plaintiff,

vs.

UNIVERSITY OF MIAMI,

      Defendant.

_____/

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO**
**DEFENDANT'S FIRST REQUESTS FOR PRODUCTION**

      Plaintiff Jonathan Lord, M.D., by and through undersigned counsel, hereby requests, hereby

serves its responses and objections to the First Request for Production propounded by Defendant

University of Miami (the "University").

**Preliminary Objections**

      a)     Plaintiff objects to the University's First Requests for Production insofar as they fail

to define a date range for responsive documents.  Dr. Lord was employed by the University from

March 1, 2013 through July 31, 2013.  The conduct described in the Complaint, and related to Dr.

Lord's unlawful termination from the University, largely occurred from October 1, 2012 through

January 31, 2013.  As such, unless a request specifically calls for information for a specific time

period, Plaintiff construes each request to seek documents dated for the time period during which

Dr. Lord was employed by the University and/or during which the relevant conduct occurred.

      b)     Plaintiff construes each request not to seek, and to state that no privilege log is

required for, legal memoranda, drafts of pleadings, attorney notes, documents selected and

assembled by counsel for the purpose of preparing to represent or representing the University in this matter or to assert any claims on his behalf, documents prepared or selected and assembled by counsel for the purpose of preparing court pleadings and other papers, or documents and communications that have come into existence because of anticipated or actual litigation. In other instances where a privilege is asserted, a privilege log will be furnished at a mutually-agreeable time and location.

c)      Each of the following responses is given subject to the foregoing preliminary objections.

### Specific Requests, Responses, and Objections

1.      Job descriptions for your former positions with the University.

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

2.      Offer letters for your former positions with the University.

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

3.      Communications between you and the University regarding or relating to any employment offer you received from the University.

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

4.      Termination/separation/non-reappointment letters for your former positions with the University.

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

5.      Communications between you and the University regarding or relating to your termination/separation/non-reappointment from the University.

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

6.      All documents that evidence, support or refute your allegation, as set forth in paragraph 1 of your Complaint, that you "required certain administrative and medical faculty leaders in [your] chain-of-command to prepare and circulate to each other summaries of their daily activity," which "summaries became known as 'daily updates' or 'executive daily updates.'"

**RESPONSE: None.**

7.      All documents that evidence, support or refute your allegation, as set forth in paragraph 6 of your Complaint, that you "reported directly and exclusively to Dean Goldschmidt who reported directly to President Shalala."

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

8.      All documents that evidence, support or refute your allegation, as set forth in paragraph 6 of your Complaint, that Dean Goldschmidt "adopted the management communication protocol implemented by" you and "prepared and circulated daily updated to [you] and certain administrative and medical faculty leaders in [your] chain-of-command."

3

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

9.      All "daily updates" or "executive daily updates" sent or received by you.

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

10.     All documents that evidence, support or refute your allegation, as set forth in paragraph 12 of your Complaint, that you "engaged in efforts to stop [the University's alleged] illegal and fraudulent schemes and reported them to [University] officials, including President Shalala.

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

11.     All documents that evidence, support or refute your allegation, as set forth in paragraph 12 of your Complaint, that the University retaliated against you "[b]ecause of [your] reports and efforts to thwart [the University's alleged] fraudulent practices."

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

12.     The Settlement Agreement referenced in paragraph 19 of your Complaint.

**RESPONSE: The Settlement Agreement was filed in this case as ECF 95-1.**

13.     All checks, stubs, payments and/or remittances to you (or anyone in privity with you) resulting from the Settlement Agreement referenced in paragraph 19 of your Complaint.

**RESPONSE: Plaintiff objects to this request as not relevant to the claim at issue in this lawsuit, which involves a single claim under the whistleblower retaliation provision of the False Claims Act related to conduct that occurred in 2012 and 2013. Paragraph 19 of the Third Amended Complaint makes no reference to checks, stubs, payments, or remittances to Plaintiff, nor are is the topic of such payments at all relevant to the termination of Dr. Lord.**

14.    All documents that evidence, support or refute your allegation, as set forth in paragraph 34 of your Complaint, that the University "has a symbiotic relationship" with Jackson Memorial Hospital.

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

15.    The Annual Operating Agreements between the University and Jackson Memorial Hospital in effect from 2010 through 2013, as referenced in paragraph 35 of your Complaint.

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

16.    The "Dorschner Article" referenced in paragraph 41 of your Complaint.

**RESPONSE: Plaintiff will produce a copy of this article on a date and time to be arranged with counsel for Defendant.**

17.    The "scathing letter" from Norman Braman referenced in paragraph 42 of your Complaint.

**RESPONSE: Plaintiff will produce this document on a date and time to be arranged with counsel for Defendant.**

18.    All documents that evidence, support or refute your allegation, as set forth in paragraph 44 of your Complaint, that "UHealth had numerous and significant financial problems."

**RESPONSE: To the extent that such document exist they would be in the exclusive custody and/or control of the University.  However, to the extent that copies of such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

19.    All documents that evidence, support or refute your allegation, as set forth in paragraph 49 of your Complaint, that you took certain actions during the first "three months of [your] appointment" "with the full support of President Shalala, Dean Goldschmidt and the UM Board of Trustees."

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

20.    All documents that evidence, support or refute your allegation, as set forth in paragraph 34 of your Complaint, that you met weekly with "President Shalala, key UM Board of Trustees Members, University Provost Thomas LeBlanc, University-wide CFO (Chief Financial Officer) Joseph Natoli and Dean Goldschmidt."

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

21.    The letter referenced in paragraph 51 of your Complaint.

**RESPONSE: The letter referenced in Paragraph 51 was filed in this case as Exhibit 1 to the Third Amended Complaint.**

22.    All documents that evidence, support or refute your allegation, as set forth in paragraph 52 of your Complaint, that you were "summarily terminated from all [of your] positions at UM - - – without warning or notice of any performance, behavioral, competence or neglect of duty issues - - after [you] personally briefed President Shalala, Dean Goldschmidt, the chair of the Audit and Compliance Committee of UM's Board of Trustees, and others regarding an ongoing Medicare fraud scheme being conducted by the Department of Surgery."

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

23.     All documents that evidence, support or refute your allegation, as set forth in paragraph 55 of your Complaint, that Dr. Livingstone "exerted tremendous influence" over Jackson Memorial Hospital's administrative operations.

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

24.     All documents that evidence, support or refute your allegation, as set forth in paragraph 55 of your Complaint, that "tension grew between the Department of Surgery and the Pathology Department over transplant pathology testing and allegations of overbilling Medicare for unnecessary tests and other costly services."

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

25.     All documents that evidence, support or refute your allegation, as set forth in paragraph 56 of your Complaint, that Dean Goldschmidt "began efforts to obtain approval from the State of Florida to build a transplant facility at the University of Miami Hospital, separate and distinct" from the Miami Transplant Institute at Jackson Memorial Hospital.

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

26.     All documents that evidence, support or refute your allegation, as set forth in paragraph 56 of your Complaint, that Dean Goldschmidt "withdrew UHealth's application for a 'Certificate of Need.'"

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

27.     The July 20, 2012, e-mail referenced in paragraph 58 of your Complaint.

**RESPONSE: Plaintiff will produce this document on a date and time to be arranged with counsel for Defendant.**

28.     All documents that evidence, support or refute your allegation, as set forth in paragraph 59 of your Complaint, that Dr. McCafferty-Fernandez and her Jackson Memorial Hospital Counterpart recommended TMG "be engaged as an independent external consultant to review the clinical operations and business practices of the transplant program."

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

29.     All documents that evidence, support or refute your allegation, as set forth in paragraph 60 of your Complaint, that you and Dean Goldschmidt "worked together" throughout the summer of 2012, "constantly information each other about compliance and billing issues associated with the Department of Surgery."

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

30.     The September 21, 2012, "anonymous letter" a/k/a the "OIG Letter" referenced in paragraph 61 of your Complaint.

**RESPONSE: The letter referenced in Paragraph 61 was filed in this case as Exhibit 2 to the Third Amended Complaint.**

31.     All documents that evidence, support or refute your allegation, as set forth in paragraph 62 of your Complaint, that the University "shared the OIG Letter with the U.S. Department of Health and Human Services, Office of the Inspector General in Washington, D.C."

**RESPONSE: None in Plaintiff's custody or control.**

32.     All documents that evidence, support or refute your allegation, as set forth in paragraph 63 of your Complaint, that you and Dean Goldschmidt "mutually agreed with the recommendation to select TMG as external investigator."

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

33.     The TMG contract referenced in paragraph 64 of your Complaint.

**RESPONSE: The document requested in not in Dr. Lord's possession, and as such cannot be produced by Plaintiff.**

34.     All documents that evidence, support or refute your allegation, as set forth in paragraph 52 of your Complaint, that "Dr. Livingstone complained to Dr. McCafferty-Fernandez about the external review process" on or about October 19, 2012.

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

35.     The TMG memorandum referenced in paragraph 66 of your Complaint.

**RESPONSE: The memorandum referenced in Paragraph 66 was filed in this case as Exhibit 3 to the Third Amended Complaint.**

36.     All TMG memoranda/reports regarding or relating to the University.

**RESPONSE: Memoranda and reports by TMG were filed in this case as Exhibits 3 and 4 to the Third Amended Complaint.  To the extent that additional documents responsive to this request exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

37.    All communications that you sent or received regarding any TMG memorandum/report or any findings/recommendations made by TMG.

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

38.    All documents that evidence, support or refute your allegation, as set forth in paragraph 67 of your Complaint, that Dr. Ciancio telephoned TMG and reported certain information.

**RESPONSE: None in Plaintiff's possession except for the memorandum that was filed in this case as Exhibit 3 to the Third Amended Complaint.**

39.    The November 10, 2012, e-mail referenced in paragraph 68 of your Complaint.

**RESPONSE: Plaintiff will produce this document on a date and time to be arranged with counsel for Defendant.**

40.    The appointment letter referenced in paragraph 69 of your Complaint.

**RESPONSE: Plaintiff will produce this document on a date and time to be arranged with counsel for Defendant.**

41.    The "preliminary report" from TMG referenced in paragraph 71 of your Complaint.

**RESPONSE: The report referenced in Paragraph 71 was filed in this case as Exhibit 4 to the Third Amended Complaint.**

42.     All documents that evidence, support or refute your allegation, as set forth in paragraph 72 of your Complaint, that you, Dr. McCafferty-Fernandez and Dean Goldschmidt "discussed the TMG findings thoroughly and often and mutually agreed that the findings needed to be shared with UM leadership" and "agreed that TMG should be engaged to complete a full billing audit of the IML"

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

43.     All documents that evidence, support or refute your allegation, as set forth in paragraph 73 of your Complaint, that, on or about December 3, 2012, you met with the Chairperson of the Audit and Compliance Committee of the University's Board of Trustees and "personally briefed [him] on major issues identified in the TMG Report . . . and possible exposures."

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

44.     All documents that evidence, support or refute your allegation, as set forth in paragraph 74 of your Complaint, that, on or about December 14, 2012, you "personally updated President Shalala concerning the TMG findings identified in the TMG Report."

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

45.     All documents that evidence, support or refute your allegation, as set forth in paragraph 75 of your Complaint, that Dr. McCafferty-Fernandez, at your direction, "repeatedly informed UHealth leadership of the TMG findings identified in the TMG Report."

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

46.     All documents that evidence, support or refute your allegation, as set forth in paragraph 76 of your Complaint, that, on or about December 16, 2012, "Dean Goldschmidt expressed his support for [you] and corresponded with [you] regarding [your] mutual plans for the new year.

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

47.     The correspondence referenced in paragraph 76 of your Complaint.

**RESPONSE: Plaintiff will produce these documents on a date and time to be arranged with counsel for Defendant.**

48.     All documents that evidence, support or refute your allegation, as set forth in paragraph 77 of your Complaint, that, on or about December 18, 2012, "Dr. McCafferty-Fernandez provided the TMG Report and other related materials to Dean Goldschmidt, [you], and other members of UHealth leadership."

**RESPONSE: Plaintiff will produce these documents on a date and time to be arranged with counsel for Defendant.**

49.     All documents that evidence, support or refute your allegation, as set forth in paragraph 78 of your Complaint, that, on or about December 18, 2012, you and Dean Goldschmidt "authorized UM to engage TMG in a more thorough review and audit of bills related to the IML as recommended in the TMG Report."

**RESPONSE: Plaintiff will produce these documents on a date and time to be arranged with counsel for Defendant.**

50.     All documents that evidence, support or refute your allegation, as set forth in paragraph 79 of your Complaint, that you and Dean Goldschmidt discussed issues surrounding the Miami Transplant Institute and the IML with Dr. Ruiz.

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

51.     The video interview referenced in paragraph 80 of your Complaint.

**RESPONSE: None.**

52.     The e-mail referenced in paragraph 80 of your Complaint.

**RESPONSE: Plaintiff will produce this document on a date and time to be arranged with counsel for Defendant.**

53.     All documents that evidence, support or refute your allegation, as set forth in paragraph 81 of your Complaint, that Dr. Livingstone "grew concerned" about TMG's independent investigation, "tried to put a stop to any further investigation by TMG" and "falsely accused" and "intimidate[d]" Dr. McCaffery-Fernandez.

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

54.     All documents that evidence, support or refute your allegation, as set forth in paragraph 82 of your Complaint, that Dr. Livingstone "discussed his concerns" with President Shalala "around December 20, 2012."

**RESPONSE: Plaintiff will produce this document on a date and time to be arranged with counsel for Defendant.**

55.     The December 21, 2012, e-mail referenced in paragraph 82 of your Complaint.

**RESPONSE: Plaintiff will produce this document on a date and time to be arranged with counsel for Defendant.**

56.     All documents that evidence, support or refute your allegation, as set forth in paragraph 83 of your Complaint, that Don Steigman told you that he "received an e-mail from Dr. Livingstone" regarding the external review of the Miami Transplant Institute.

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

57.     The e-mail referenced in paragraph 83 of your Complaint.

**RESPONSE: The document requested in not in Dr. Lord's possession, and as such cannot be produced by Plaintiff.**

58.     The e-mail referenced in paragraph 84 of your Complaint.

**RESPONSE: Plaintiff will produce this document on a date and time to be arranged with counsel for Defendant.**

59.     All documents that evidence, support or refute your allegation, as set forth in paragraph 85 of your Complaint, that Dean Goldschmidt called you to notify you that President Shalala had terminated you as COO of UHealth.

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

60.     The e-mail referenced in paragraph 86 of your Complaint.

**RESPONSE: Plaintiff will produce this document on a date and time to be arranged with counsel for Defendant.**

61.     The e-mails referenced in paragraph 87 of your Complaint.

**RESPONSE: Plaintiff will produce these documents on a date and time to be arranged with counsel for Defendant.**

62.     The "proposed announcement" referenced in paragraph 87 of your Complaint.

**RESPONSE: Plaintiff will produce this document on a date and time to be arranged with counsel for Defendant.**

63.     All drafts of the "proposed announcement" referenced in paragraph 87 of your Complaint.

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

64.     The e-mails referenced in paragraph 88 of your Complaint.

**RESPONSE: Plaintiff will produce these documents on a date and time to be arranged with counsel for Defendant.**

65.     The e-mails referenced in paragraph 89 of your Complaint.

**RESPONSE: Plaintiff will produce these documents on a date and time to be arranged with counsel for Defendant.**

66.     The e-mails referenced in paragraph 90 of your Complaint.

**RESPONSE: Plaintiff will produce these documents on a date and time to be arranged with counsel for Defendant.**

67.     The <u>Miami Herald</u> article referenced in paragraph 91 of your Complaint.

**RESPONSE: Plaintiff will produce this document on a date and time to be arranged with counsel for Defendant.**

68.     The e-mail and announcement referenced in paragraph 91 of your Complaint.

**RESPONSE: Plaintiff will produce these documents on a date and time to be arranged with counsel for Defendant.**

69.     The e-mail referenced in paragraph 92 of your Complaint.

**RESPONSE: Plaintiff will produce this document on a date and time to be arranged with counsel for Defendant.**

70.     All documents that evidence, support or refute your allegation, as set forth in paragraph 93 of your Complaint, that President Shalala "directed Dean Goldschmidt to make no mention of [your] future at UM" in response to an inquiry from the Miami Herald.

**RESPONSE: Plaintiff will produce these documents on a date and time to be arranged with counsel for Defendant.**

71.     The Miami Herald article referenced in paragraph 94 of your Complaint.

**RESPONSE: Plaintiff will produce this document on a date and time to be arranged with counsel for Defendant.**

72.     All documents that evidence, support or refute your allegation, as set forth in paragraph 85 of your Complaint, that President Shalala "instructed Dean Goldschmidt to stop all daily updates, the above-mentioned daily communication practice implemented by [you] and adopted by Dean Goldschmidt and his staff."

**RESPONSE: Objection insofar as Paragraph 85 of the Third Amended Complaint does not contain the language quoted in this request.  To the extent this request refers to Paragraph 95, and to the extent that such documents exist and are in Plaintiff's possession,**

16

**Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

73.   The <u>Miami Herald</u> article referenced in paragraph 96 of your Complaint.

**RESPONSE: Plaintiff will produce this document on a date and time to be arranged with counsel for Defendant.**

74.   All documents that evidence, support or refute your allegation, as set forth in paragraph 97 of your Complaint, that the University "isolated [you], cutting [you] off from communications and e-mails."

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

75.   The e-mails referenced in paragraph 98 of your Complaint.

**RESPONSE: Plaintiff will produce this document on a date and time to be arranged with counsel for Defendant.**

76.   The "formal notification" referenced in paragraph 99 of your Complaint.

**RESPONSE: The letter referenced in Paragraph 99 was filed in this case as Exhibit 5 to the Third Amended Complaint.**

77.   All documents that evidence, support or refute your allegation, as set forth in paragraph 100 of your Complaint, that President Shalala and Dean Goldschmidt "met with the medical school factory" and discussed the medical school's "finances" and decisions related thereto.

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

78.      The "formal letter" referenced in paragraph 100 of your Complaint.

**RESPONSE: Plaintiff will produce this document on a date and time to be arranged with counsel for Defendant.**

79.      The Miami Herald article referenced in paragraph 100 of your Complaint.

**RESPONSE: Plaintiff will produce this document on a date and time to be arranged with counsel for Defendant.**

80.      All documents that evidence, support or refute your allegation, as set forth in paragraph 101 of your Complaint, that "President Shalala, upon the advice and urging of Dr. Livingstone, terminated [you] from all positions at UM to avoid the dissemination of the TMG findings identified in the TMG Report."

**RESPONSE: To the extent that such document exist they would be in the exclusive custody and/or control of the University, Donna Shalala, or Alan Livingstone.**

81.      All documents that evidence, support or refute your allegation, as set forth in paragraph 102 of your Complaint, that the University's Internal Audit "issued contrary findings to the TMG Report."

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

82.      All UM Internal Audit memoranda/reports regarding or relating to the University.

**RESPONSE: To the extent that such document exist they would be in the exclusive custody and/or control of the University.**

83.      All communications that you sent or received regarding any UM Internal Audit memorandum/report or any findings/recommendations made by UM's Internal Audit Department.

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

84.     All documents that evidence, support or refute your allegation, as set forth in paragraph 105 of your Complaint, that the University "harassed, isolated and publicly humiliated [you]."

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

85.     The Miami Herald articles and publications from "other news outlets" referenced in paragraph 105 of your Complaint.

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

86.     All documents that evidence, support or refute your allegation, as set forth in paragraph 108 of your Complaint, that you "applied to numerous executive positions that were equivalent to [your] position at UM, and which [you were] qualified to hold."

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

87.     All documents that evidence, support or refute your allegation, as set forth in paragraph 108 of your Complaint, that you were "not hired to any of these positions because of the false narrative generated by the leadership of UM and the publicity surrounding his termination from UM."

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

19

88.     All documents that evidence, support or refute your allegation, as set forth in paragraph 109 of your Complaint, that you have suffered various damages and lost opportunities.

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

89.     All documents that evidence, support or refute your allegation, as set forth in paragraphs 110-115 of your Complaint, that the University violated 31 U.S.C. § 3730(h).

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

90.     All documents that evidence, support or refute the relief you seek in the "Prayer for Relief" section of your Complaint.

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

91.     All sworn testimony (including, but not limited to, sworn statements, affidavits, declarations or deposition testimony) you have given in connection with the above-captioned lawsuit.

**RESPONSE: None.**

92.     All written complaints you submitted to anyone at the University regarding any alleged illegal or unlawful conduct committed by anyone at the University.

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

20

93.     All communications to, from or copied to you regarding any alleged illegal or unlawful conduct committed by anyone at the University.

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

94.     All documents that evidence any activity of yours that you contend is protected under 31 U.S.C. § 3730(h).

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

95.     All documents regarding or relating to any discipline or reprimand you received during your employment with the University.

**RESPONSE: None.**

96.     All documents regarding or relating to your employment with the University.

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant.**

97.     All documents that evidence your efforts to mitigate your alleged damages in this matter including, but not limited to, all job applications and related correspondence.

**RESPONSE: To the extent that such documents exist and are in Plaintiff's possession, Plaintiff will produce relevant, non-privileged documents on a date and time to be arranged with counsel for Defendant**.

98.     A copy of your current résumé or curriculum vitae.

**RESPONSE: Plaintiff will produce this document on a date and time to be arranged with counsel for Defendant.**

99.     All versions of your résumé or curriculum vitae that you used or maintained from January 31, 2013, through the present.

**RESPONSE: Plaintiff will produce these documents on a date and time to be arranged with counsel for Defendant.**

100.     Your paystubs and W-2's from 2012 to the present

**RESPONSE: Plaintiff will produce these documents on a date and time to be arranged with counsel for Defendant.**

101.     Your tax returns, including supporting schedules, from 2012 through the present.

**RESPONSE: Plaintiff will produce these documents on a date and time to be arranged with counsel for Defendant.**

102.     Tax returns for any entity you own or control, including supporting schedules, from 2012 through the present.

**RESPONSE: None.**

103.     All medical, psychiatric or psychological records regarding or relating to treatment for any mental-health condition, emotional distress or mental anguish for which you have been treated since 2010. This request includes, but is not limited to, all treatment and billing records regarding any medical, psychiatric or psychological care you have received since 2010.

**RESPONSE: None.**

104.     All medical, psychiatric or psychological records regarding or relating to treatment for any condition, emotional distress or mental anguish you allegedly have suffered as a result of

the University. This request includes, but is not limited to, all treatment and billing records regarding any medical, psychiatric or psychological care you have received and medications you have been prescribed as a result of your employment with the University.

**RESPONSE: None.**

105.    Any engagement letter, retainer agreement and/or contingency fee agreement between you and any lawyer or law firm you have engaged to represent you in connection with this lawsuit.

**RESPONSE: Plaintiff objects to this request because it is not relevant to the claim at issue in this lawsuit. Plaintiff further objects to this request because it calls for documents that are protected from disclosure by the attorney-client privilege and/or the work product doctrine.**

106.    Any expert reports, including all documents upon which the expert witness relies to support his expert report and/or his analysis of damages, prepared for or on behalf of Plaintiff in this matter.

**RESPONSE: Plaintiff objects to this request because it appears to seek expert materials in advance of the deadlines set forth in the Court's Scheduling Order.**

107.    All pleadings in any legal proceeding, civil or criminal, in which you are a party or have been a party during the last five (5) years.

**RESPONSE: Plaintiff objects to this request as overly broad, unduly burdensome, not relevant to the claims at issue in this case, and disproportionate to the needs of this case. Pleadings from an unrelated civil or criminal legal proceeding not involving the University— in this case, a divorce proceeding—are irrelevant insofar as they have no bearing on whether the University violated the whistleblower retaliation provision of the False Claims Act.**

108.    All transcripts of deposition or trial testimony you have given in any legal proceeding during the last five (5) years.

**RESPONSE: Plaintiff objects to this request as overly broad, unduly burdensome, not relevant to the claims at issue in this case, and disproportionate to the needs of this case.  In the last five years, Dr. Lord has provided testimony in (a) his divorce proceeding, and (b) the case styled *Fayad v. University of Miami, et al.*, Case No. 13-04086 CA 31, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County. The testimony from Dr. Lord's divorce proceeding is irrelevant to this lawsuit, highly personal, and subjected to heightened protection from discovery. The testimony from *Fayad* is unduly burdensome for Plaintiff to obtain and produce, when counsel for the University in this case also represented the University in that case, and as such already has that testimony.**

109.    All affidavits under oath and/or any declarations under penalty of perjury that you have executed during the last five (5) years.

**RESPONSE: None.**

110.    All written and/or recorded statements of witnesses you have acquired in this case.

**RESPONSE: None.**

111.    All documents that were identified in response to Defendant's First Set of Interrogatories, served herewith.

**RESPONSE: Plaintiff will produce these documents on a date and time to be arranged with counsel for Defendant.**

Date: December 9, 2021                    Respectfully submitted:

                                          s/ *Jeffrey H. Sloman*
                                          Jeffrey H. Sloman, Esq.
                                          Fla. Bar No. 378879
                                          jsloman@sfslaw.com
                                          Erica L. Perdomo
                                          Fla. Bar No. 105466
                                          eperdomo@sfslaw.com
                                          STUMPHAUZER FOSLID SLOMAN ROSS &
                                          KOLAYA PLLC

Two S. Biscayne Blvd., Suite 1600
Miami, FL 33131
Tel: (305) 614-1400

*Attorneys for Plaintiff Jonathan Lord*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 9th day of December, 2021, via e-mail on all counsel of record.

<u>*s/ Erica L. Perdomo*</u>
Erica L. Perdomo
Fla. Bar No. 105466
