UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-22500-CIV-ALTONAGA/McAliley

**JONATHAN LORD, M.D.**,

    Plaintiff,
v.

**UNIVERSITY OF MIAMI**,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Defendant University of Miami's Motion in *Limine* to Exclude Certain Evidence from Trial [ECF No. 157] and Plaintiff Jonathan Lord's Motion in Limine [ECF No. 158], both filed on July 8, 2022. The Court heard arguments on the Motions at a pretrial conference on August 9, 2022 [ECF No. 175] and has carefully considered the parties' written submissions [ECF Nos. 166, 168, 169 & 171], the record, and applicable law.

For the reasons stated on the record in open court, it is **ORDERED AND ADJUDGED** as follows:

    1. Defendant University of Miami's Motion in *Limine* to Exclude Certain Evidence from Trial **[ECF No. 157]** is **GRANTED in part and DENIED in part**.

        a. Defendant's Motion to exclude mention of Plaintiff's underlying *qui tam* claims, the Government's investigation of those claims, and the ultimate settlement of those claims is **GRANTED in part and DENIED in part**. The parties shall confer and then present to the Court a reason for the nine-year delay in this case and the seal that will be offered to the jury. No further mention of the Government's investigation and settlement of the *qui tam* lawsuit —

other than references to the case being sealed and its effect on Plaintiff's deposition answers in his divorce case — may be offered to the jury unless Defendant opens the door.

  b. Defendant's Motion to exclude evidence of Plaintiff's non-economic damages is **DENIED**.

  c. Defendant's Motion to exclude documents or evidence not produced in discovery is **DENIED**, but Defendant may object to the introduction of any documents on an individualized basis.

  d. Defendant's Motion to exclude unauthenticated and hearsay exhibits is **GRANTED in part and DENIED in part**.  Plaintiff shall not seek to introduce ECF No. 101-3.  Plaintiff may seek to authenticate and introduce ECF No. 101-4 at trial, at which point Defendant may object to its introduction.

  e. Defendant's Motion to exclude witness Dr. Alan Livingstone's derogatory statements is **GRANTED in part and DENIED in part**.  Plaintiff shall not make argument or elicit testimony regarding Livingstone's demeaning comments about a residency applicant's weight or a male colleague's masculinity.  But Plaintiff may elicit evidence of Livingstone's animus toward Dr. Gaetano Ciancio, including his alleged comments impugning Ciancio's intelligence.

 2. Plaintiff Jonathan Lord's Motion in Limine **[ECF No. 158]** is **GRANTED in part and DENIED in part**.  The parties shall not reference the doctrine of judicial estoppel, its elements, or its presence as a defense in this case, as judicial estoppel is an equitable matter within the Court's discretion.  Defendant may seek to introduce evidence from Plaintiff's divorce case, at which time Plaintiff may raise any particularized objections.

CASE NO. 13-22500-CIV-ALTONAGA/McAliley

**DONE AND ORDERED** in Miami, Florida, this 9th day of August, 2022.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:    counsel of record