UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-22500-CIV-ALTONAGA/McALILEY

JONATHAN LORD, M.D.,

    **Plaintiff,**

v.

UNIVERSITY OF MIAMI,

    **Defendant.**

_____/

**DEFENDANT'S MEMORANDUM REGARDING
INADMISSIBILITY OF NEWSPAPER ARTICLES**

Defendant, University of Miami (the "University"), hereby addresses the admissibility of Plaintiff's Exhibits P-126, P-138, P-142, P-143, P-144, P-145, P-158, P-159, P-160, P-190 and P-191, which are (1) copies of articles published in the Miami Herald regarding the University, its medical school and the petition that was circulated by faculty that referred to the "failed leadership" of the Dean and Dr. Lord and noted that the faculty had lost confidence in the leadership ability of the Dean and Dr. Lord; and (2) e-mails about the articles (some of which are requests from reporters for comment by the University, which comment was declined). None of the articles contains any defamatory statements about Dr. Lord; rather, the articles report on the above-referenced matters.

As a threshold matter, the articles are rank hearsay and, thus, are inadmissible. It is well established that "[u]nsworn newspaper articles constitute inadmissible hearsay and cannot be considered." *Bouton v. Ocean Properties, Ltd.*, No. 16-cv-80502-BLOOM/Valle, 2017 WL 4792488, at *27 n.31 (S.D. Fla. Oct. 23, 2017) (citing *Dallas Cty. v. Commercial Union Assur. Co.*, 286 F. 2d 388, 391-92 (5th Cir. 1961) ("Of course, a newspaper article is hearsay, and in

almost all circumstances is inadmissible"). *See also Slone v. Judd,* No. 8:09-CV-1175-T-27TGW, 2011 WL 1124618, at *3 (M.D. Fla. Mar. 25, 2011) (excluding newspaper article because "[n]ewspaper articles are inadmissible hearsay when 'relevant primarily to establish the truth of their contents.'") (quoting *United States v. Baker*, 432 F. 3d 1189, 1211-12 (11th Cir. 2005)).

Faced with the foregoing well-established law that requires the exclusion of the newspaper articles that Plaintiff seeks to have admitted, Plaintiff argues that he does not seek to admit the articles for the truth of the matter but, rather, that they go to his alleged emotional distress damages. But the argument is entirely circular and makes no sense. The articles would have to be offered for their truth (*i.e.*, the statements in the articles are what would have caused the alleged harm). That hearsay purpose is not permissible. Alternatively, the articles could be responsible for Dr. Lord's alleged emotional distress caused by the University of Miami only if they contained statements about him that are both false and attributable to the University. Plaintiff has identified no such statements and cannot do so.

Finally, there is no hearsay exception applicable here. To the extent that Dr. Lord argues that he seeks to admit the articles for their effect on the listener and to prove reputational damage and consequent inability to locate comparable employment, he must prove that a specific listener relied on statements in the articles in making employment decisions that affected Plaintiff. *See, e.g.*, *United States v. Elysee*, 993 F.3d 1309, 1319 n.23 (11th Cir. 2021) ("We assume that the words 'effect on the listener' refer to the listener's behavior in the form of conduct, words, or acts and that the effect would be relevant because it would tend to prove a fact at issue in the case. During the hearing in limine, defense counsel referred to only one listener, Cabrera."); *Al-Habash v. Raytheon Co.*, No. 4:15-CV-00450-ALM, 2016 WL 9558956, at *2 (E.D. Tex. Sept. 6, 2016), *R&R adopted*, 2016 WL 6155601 (E.D. Tex. Oct. 24, 2016) (citing *See Alvarado v. Mine Serv.*,

2

*Ltd.*, 626 Fed. Appx. 66, 70 (5th Cir. 2015) ("Considering a statement not for its truth but as an explanation of why the listener acted in a certain manner is a hornbook example of nonhearsay."); *Brauninger v. Motes*, 260 Fed.Appx. 634, 637 (5th Cir. 2007) (holding out-of-court statements in an investigative report as nonhearsay when used to prove what human resources relied on in making the decision to fire employee)); *Trap v. United States*, No. CV1300003DMGJPRX, 2017 WL 8793328, at *11 n.28 (C.D. Cal. Oct. 31, 2017) (equating "effect on the listener" with the listener's "subsequent actions"). Plaintiff offers no such evidence here, and none exists.[1]

Because the newspaper articles (and related e-mails) Plaintiff seeks to admit are hearsay and no exception to allow admission exists, the aforementioned exhibits should be excluded.

Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Christopher M. Yannuzzi
    Eric D. Isicoff
    Florida Bar No. 372201
    Isicoff@irlaw.com
    Teresa Ragatz
    Florida Bar No. 545170
    Ragatz@irlaw.com
    Christopher M. Yannuzzi
    Florida Bar No. 92166
    Yannuzzi@irlaw.com

---

[1] To be clear, Plaintiff has not identified (and cannot identify) a single witness to show how the articles affected them in such a manner; none of the witnesses on Plaintiff's Trial Witness List (D.E. 160-3) can do so.

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via CM/ECF this 19th day of September, 2022, upon the following:

Jeffrey H. Sloman
Jorge A. Perez Santiago
Jennifer M. Hernandez
Stumphauzer Foslid Sloman Ross & Kolaya, PLLC
Two South Biscayne Boulevard, Suite 1600
Miami, Florida 33131
Telephone: (305) 614-1400
Facsimile: (305) 614-1425
E-mail: jsloman@sfslaw.com
E-mail: jperezsantiago@sfslaw.com
E-mail: jhernandez@sfslaw.com

                                             By: /s/ Christopher M. Yannuzzi
                                                 Christopher M. Yannuzzi