UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-22500-CIV-ALTONAGA/McALILEY

JONATHAN LORD, M.D.,

    **Plaintiff,**

v.

UNIVERSITY OF MIAMI,

    **Defendant.**

    _____/

## JOINT NOTICE OF FILING PROPOSED VERDICT FORM[1]

Plaintiff, Jonathan Lord, M.D. ("Dr. Lord"), and Defendant, University of Miami (the "University"), by and through their undersigned counsel and pursuant to the Court's instructions at the Charge Conference held on September 15, 2022, respectfully submit competing Joint Proposed Verdict Forms, attached hereto. Questions 1, 3, 4 of the University's proposal are the same as Questions 1, 2 and 3 of Dr. Lord's proposal. The parties disagree about Question 2 of the University's proposal (regarding whether Dr. Lord's alleged protected activity was within the scope of his duties as Chief Compliance Officer) and about the phrasing of the damages questions (Question 5 of the University's proposal and Questions 4 and 5 of Dr. Lord's proposal).

---

[1] Dr. Lord believes his proposed verdict form (D.E. 162) is appropriate and objects to a verdict form with special interrogatories. Dr. Lord proposes an additional verdict form with special interrogatories solely to avoid waiving any objection to the University of Miami's proposed verdict form.

Respectfully submitted this 27th day of September, 2022,

| STUMPHAUZER FOSLID SLOMAN ROSS & KOLAYA, PLLC<br>Two South Biscayne Boulevard, Suite 1600<br>Miami, Florida 33131<br>Tel.: (305) 614-1400<br>Fax: (305) 614-1425<br><br>By: /s/ Jeffrey H. Sloman<br>    Jeffrey H. Sloman<br>    Florida Bar No. 378879<br>    jsloman@sfslaw.com<br>    Jorge A. Perez Santiago<br>    Florida Bar No. 91915<br>    jperezsantiago@sfslaw.com<br><br>*Counsel for Plaintiff, Dr. Jonathan Lord* | ISICOFF RAGATZ<br>601 Brickell Key Drive, Suite 750<br>Miami, Florida 33131<br>Tel.: (305) 373-3232<br>Fax: (305) 373-3233<br><br>By: /s/ Christopher M. Yannuzzi<br>    Eric D. Isicoff<br>    Florida Bar No. 372201<br>    Isicoff@irlaw.com<br>    Teresa Ragatz<br>    Florida Bar No. 545170<br>    Ragatz@irlaw.com<br>    Christopher M. Yannuzzi<br>    Florida Bar No. 92166<br>    Yannuzzi@irlaw.com<br><br>*Counsel for Defendant, University of Miami* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-22500-CIV-ALTONAGA/McALILEY

**JONATHAN LORD, M.D.,**

    **Plaintiff,**

v.

**UNIVERSITY OF MIAMI,**

    **Defendant.**

_____/

**DEFENDANT'S PROPOSED VERDICT FORM**

Do you find from a preponderance of the evidence:

1. That Dr. Lord engaged in "protected activity" prior to President Shalala's decision to terminate his employment from the University of Miami?

   Answer Yes or No: _____

   If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this Verdict Form.

   If your answer is "Yes," go to the next question.

2. That Dr. Lord's "protected activity" was within the scope of his required job duties as Chief Compliance Officer for the University of Miami?

   Answer Yes or No: _____

   Please go to the next question.

3.  That President Shalala knew about Dr. Lord's "protected activity" before she decided to terminate Dr. Lord's employment with the University of Miami?

    Answer Yes or No: _____

    If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this Verdict Form.

    If your answer is "Yes," go to the next question.

4.  That President Shalala terminated Dr. Lord's employment with the University of Miami because of his "protected activity"?

    Answer Yes or No: _____

    If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this Verdict Form.

    If your answer is "Yes," go to the next question.

5.  That Dr. Lord is entitled to damages as a result of his termination from the University?

    Answer Yes or No: _____

    If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this Verdict Form.

    If your answer is "Yes," please identify the amount, if any, that you find Dr. Lord should be awarded for each of the following categories of damages, keeping in mind his duty to mitigate his damages:

    Backpay: _____

    Interest on the backpay: _____

    Lost value of stock and option sales: _____

    Emotional distress and public humiliation: _____

SO SAY WE ALL.                                                          DATED: _____

_____                                         _____
      Foreperson's Signature                                                    Foreperson's Juror Number

## PLAINTIFF'S PROPOSED VERDICT FORM

Do you find from a preponderance of the evidence:

1. That Dr. Lord engaged in "protected activity" prior to President Shalala's decision to terminate his employment from the University of Miami?

Answer: Yes or No _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form.

If your answer is "Yes," please go to the next question.

2. That President Shalala knew about Dr. Lord's "protected activity" before she decided to terminate Dr. Lord's employment with the University of Miami?

Answer Yes or No: _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form.

If your answer is "Yes," please go to the next question.

3. That President Shalala terminated Dr. Lord's employment with the University of Miami because of his "protected activity"?

Answer Yes or No: _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form.

If your answer is "Yes," please go to the next question.

4. That Dr. Lord has proven the amount of net lost wages and benefits and prejudgment interest through the date of your verdict.

Answer Yes or No: _____

If your answer is "No," please go to the next question.

If your answer is "Yes," please specify the amount: _____.

Please go to the next question.

5. That Dr. Lord suffered special damages as a result of the University of Miami's retaliatory termination of Dr. Lord's employment?

Answer: Yes or No _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form.

If your answer is "Yes," please specify the amount for each of the following claimed damages:

Lost Value of Stock and Option Sales _____.

Emotional Distress and Public Humiliation _____.

SO SAY WE ALL.                                                           DATE: _____

_____                                        _____
Foreperson's Signature                                              Foreperson's Juror Number